Filed 6/28/23  P. v. Vaughn CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LEBARON VAUGHN,<br><br>    Defendant and Appellant. | F084104<br><br>(Super. Ct. No. F08908036)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gregory T. Fain, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Meehan, J.

## INTRODUCTION

LeBaron Vaughn (appellant) pleaded guilty to second degree murder and was sentenced to 15 years to life in state prison. Ten years later, he filed a petition for resentencing pursuant to Penal Code[1] section 1172.6.[2] The trial court denied the petition, concluding appellant failed to make a prima facie showing of entitlement to relief because the record of conviction established he was the actual killer.

On appeal, we reject appellant's contention that the record of conviction did not establish he was ineligible for relief as a matter of law. We affirm.

## BACKGROUND

### I.      Charges and Conviction

The Fresno County District Attorney's Office filed an information charging appellant with murder (§ 187, subd. (a); count 1), alleging he committed the murder "unlawfully, and with malice aforethought." Appellant was also charged with inflicting physical punishment on a child (§ 273d, subd. (a); counts 2 and 3). The victim was the approximately 10-year-old son of his girlfriend, Rena Antonettee Ireland. Ireland was also charged in the information with two counts of child abuse (§ 273a, subd. (a); counts 4 and 5). Ireland was not charged with murder.

Pursuant to a negotiated plea agreement, appellant pleaded guilty to second degree murder. The remaining counts of inflicting physical punishment on a child were dismissed. Appellant stipulated the preliminary hearing transcript provided the factual basis for his plea.

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

[2]      Appellant brought the petition pursuant to former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022. (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.) For clarity, we refer to the statute by its current number throughout this opinion.

## II. Preliminary Hearing Transcript

At the preliminary hearing, the parties stipulated the victim's cause of death was blunt force injuries to the head, occurring on December 29, 2008. The parties further stipulated that the victim did not cause his own injuries.

On that evening, an officer responded to the hospital to investigate a case of possible child abuse. There, he saw the victim, who appeared to be approximately 10 years of age, lying on a gurney and receiving medical attention. The victim had multiple visible injuries all over his body.

A detective interviewed appellant. Appellant identified the victim as the son of his girlfriend. He initially told the detective the victim's injuries resulted from a fall or an accident. Later in the interview, he admitted he struck the victim's head with his elbow then stomped on his head as many as 10 times. He also kicked the victim all over his body, including in the back of the head. Appellant weighed 162 pounds. The victim weighed 82 pounds. Appellant admitted he was upset with the victim's behavior and wanted to "show him discipline" and "teach him a lesson." He described himself as "irritated" and stated he "lost control" and "tussled [the victim] up too hard."

Appellant's codefendant told the detective she witnessed appellant strike the victim with his fists, slam him to the ground, and stomp on his head.

## III. Resentencing Petition

In 2021, appellant, in propria persona, filed a petition for resentencing pursuant to section 1172.6. In the form petition, appellant checked boxes next to statements that information was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he pleaded no contest to second degree murder in lieu of going to trial, and that he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. He also requested appointment of counsel.

The People filed a response contending the record of conviction conclusively establishes appellant was the actual killer, and that he was not prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine. The People's response included a detailed summary of the preliminary hearing transcript.

The trial court (Judge Kalemkarian) initially dismissed the petition without prejudice for failure to serve the People. It subsequently rescinded its dismissal order, concluding the People waived any objection to inadequate service by filing a response. It also appointed counsel for appellant.

Appellant filed a second section 1172.6 resentencing petition, but without the assistance of appointed counsel. Like the initial petition, the second petition was on a form, with checked boxes next to the same statements claiming eligibility for resentencing. It also included a handwritten attachment discussing several legal issues unrelated to section 1172.6 resentencing, such as appellant's pending parole matters.

The trial court scheduled a hearing to determine if appellant had made a prima facie case for relief pursuant to section 1172.6, subdivision (c). The People filed a response asking that the court incorporate the arguments from their initial response. Appellant filed two replies, each without the assistance of appointed counsel. The replies addressed unrelated legal issues, with no discussion of appellant's claim for resentencing under section 1172.6.

At the prima facie hearing, appellant's counsel argued appellant had made a prima facie showing for relief, but submitted on appellant's briefs.

The trial court (Judge Fain) ruled appellant failed to make a prima facie case in a detailed written order. Relying on the preliminary hearing transcript, the trial court reasoned the record of conviction established appellant was the actual killer and therefore was not prosecuted under the theory of felony murder or natural and probable consequences.

**DISCUSSION**

**I.** **Appellant Failed to Make a Prima Facie Showing of Entitlement to Relief Under Section 1172.6**

Appellant contends the record of conviction relied upon by the trial court did not support its conclusion that he was the actual killer, and therefore ineligible for relief as a matter of law. We disagree. The preliminary hearing transcript conclusively established appellant was the actual killer, and appellant's conclusory claims in his resentencing petitions and replies did not create a factual dispute necessitating an evidentiary hearing.

**II.** **Applicable Law**

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 2-3) made two significant changes to the law of homicide. First, it amended the felony-murder rule to narrow the scope of murder liability for participants in the felony who are not the actual killer. (§ 189, subd. (e).) Second, it eliminated the natural and probable consequences doctrine by requiring that, except for felony-murder liability, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill No. 1437 also added a procedure by which those convicted of a qualifying offense may petition the sentencing court for "relief under the two ameliorative provisions above." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Under section 1172.6, a petitioner must first file a petition containing a declaration that he or she is eligible for relief, including that he or she "could not presently be convicted of murder … because of changes to Section 188 or 189" effectuated by Senate Bill No. 1437. (§ 1172.6, subds. (a)(3), (b)(1); *People v. Strong* (2022) 13 Cal.5th 698, 708.) The petition must also include the superior court case number and year of conviction. (§ 1172.6, subd. (b)(1)(B).)

Upon the filing of a facially sufficient petition, the court must appoint counsel, if requested. (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).)

The prosecutor must file a response to the petition, and the petitioner may file a reply. (§ 1172.6, subd. (c).) The court must then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*) If the petitioner makes a prima facie showing, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d).) If the court concludes the petitioner has not made a prima facie showing, it must explain its ruling in a statement of reasons. (§ 1172.6, subd. (c).)

In determining whether the petitioner has made a prima facie showing, the trial court may consider the "record of conviction" to "distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Ibid.*)

The denial of a section 1172.6 petition at the prima facie stage is appropriate only if the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) This is a purely legal conclusion, which we review de novo. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

## III. Analysis

We conclude appellant is ineligible for resentencing as a matter of law because the record of conviction conclusively establishes that he was the actual killer. (See *People v. Garrison* (2021) 73 Cal.App.5th 735, 743.)

Consistent with *Lewis*, we begin our analysis by assuming appellant's factual allegations are true. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) But appellant made no factual allegations to support his claim. Rather, he made only conclusory assertions that he is entitled to resentencing under section 1172.6. He did not point to specific facts in

6.

support of his claim or articulate how such facts support the conclusion he was prosecuted under felony murder or the natural and probable consequences doctrine. Following *Lewis*'s analogy to habeas corpus proceedings, appellant failed to "state fully and with particularity the facts on which relief is sought." (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Despite appellant's failure to articulate a basis for relief, we assess whether the record of conviction establishes a prima facie case. Here, the record of conviction relied upon by the trial court consisted of the information, appellant's plea form, and the preliminary hearing transcript. In the information, the People charged appellant with murder, but did not specify a degree or a theory of murder. The waiver and plea form also does not specify a theory of murder liability or include other factual details, but states appellant stipulated to the preliminary hearing transcript as the factual basis for his plea. The preliminary hearing transcript definitively shows appellant was the actual killer. Appellant admitted to repeatedly kicking and stomping on the victim's head, and the parties stipulated the victim's cause of death was blunt force injuries inflicted by someone other than the victim. Nothing in the transcript supports an alternative theory of liability for murder.

Appellant claims the trial court's consideration of the preliminary hearing transcript was error because appellant did not "admit to the truth" of any of the evidence presented at the preliminary hearing. We disagree. Where, as here, the petitioner stipulated to the preliminary hearing transcript as the factual basis for his or her plea, the transcript is part of the record of conviction and may be considered by the trial court in assessing whether the petitioner has made a prima facie case. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481; see also *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1167; *People v. Patton* (2023) 89 Cal.App.5th 649, 657–658.)

Appellant's reliance on *People v. Flores* (2022) 76 Cal.App.5th 974 (*Flores*) and *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*) is misplaced. In *Flores,* we held

7.

the preliminary hearing transcript did not "conclusively establish as a matter of law" that the petitioner was ineligible for resentencing. (*Flores*, *supra*, 76 Cal.App.5th at p. 991.) Specifically, the petitioner's statement to law enforcement on its face left open the possibility he was not the actual killer. (*Ibid*.) Similarly, in *Rivera*, the court concluded the transcript of grand jury proceedings was not dispositive because the petitioner had "offered a theory under which the evidence presented to the grand jury was consistent with his guilt of murder under the natural and probable consequences doctrine." (*Rivera*, *supra*, 62 Cal.App.5th at p. 239.) In both cases, concluding the petitioner was ineligible for resentencing based on the record of conviction "would [have] require[d] judicial factfinding, which is impermissible at the prima facie stage." (*Flores*, *supra*, 76 Cal.App.5th at pp. 991–992; see *Rivera*, *supra*, 62 Cal.App.5th at p. 238.)

Here, on the other hand, the preliminary hearing transcript conclusively establishes appellant was the actual killer. It does not leave open the possibility that appellant was guilty of murder under some other theory. Moreover, appellant's conclusory claims of entitlement to relief did not create a "factual dispute" by identifying some scenario in which he could have been prosecuted for murder under a now-invalid theory. (*Rivera*, *supra*, 62 Cal.App.5th at p. 239.) Thus, the trial court's reliance on the preliminary hearing transcript was not " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

Finally, appellant suggests that the defense "theoretically" could have had evidence that his codefendant was the actual killer. But appellant did not articulate this theory in any of his numerous filings even after counsel had been appointed. We decline to engage in such speculation on appellant's behalf.

We recognize that "the 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) However, based the record of conviction, appellant has not met this threshold. The preliminary hearing transcript conclusively establishes appellant is the actual killer, and appellant's conclusory allegations did not

create a factual dispute necessitating an evidentiary hearing.  Therefore, our de novo review reveals the trial court did not err in concluding appellant failed to make a prima facie showing of entitlement to relief.

## **DISPOSITION**

The judgment is affirmed.